**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **Criminal Action No. 14-00227-KD-B** |
| | ) | |
| **LOUIS DARRELL BUCK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This action is before the Court on Defendant Louis Darrell Buck's Second[1] Motion for

Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. 165). Upon consideration,

and for the reasons set forth herein, the Motion for Compassionate Release is DISMISSED

without prejudice.

I. Background

In 2015, Louis Darrell Buck pleaded guilty to Count 1 and 5 of the Indictment charging

conspiracy to possess with intent to distribute a synthetic cannabinoid, AB FUBINACA, a

Schedule I controlled substance, and use, carry or possession of a firearm in relation to or in

furtherance of a drug trafficking felony. On October 30, 2015, he was sentenced to 57 months as

---

[1] Buck states that he filed a motion for compassionate release in October 2020, but has not
received an order (doc. 165, p. 1-2). In June 2020, Bucks' motion was dismissed without
prejudice for failure to meet the statutory procedural prerequisites. A copy of the Order was
mailed to Buck at FCI Talladega. The Court construes this motion as a second Motion for
Compassionate Release. See United States v. Mederos-Jimenez, 748 Fed. Appx. 289, 290 (11th
Cir. 2019) ("Our Circuit precedent says district courts have jurisdiction to entertain successive
motions for a sentence reduction if the district court denied the initial motion for a sentence
reduction. We therefore construe Mederos-Jimenez's motion for reconsideration as a successive
§ 3582(c) motion.") (citing United States v. Caraballo-Martinez, 866 F.3d 1233, 1245–47 (11th
Cir. 2017)).

to Count 1 and 60 months as to Count 5, to serve consecutive, for a total term of 117 months (doc. 116).

Buck is now 44 years old.  He is currently incarcerated at Pollock USP in Pollock, Louisiana.  His estimated release date is March 11, 2024.  As of July 1, 2022, no inmates had Covid 19; however, one staff member was positive.  https://www.bop.gov/coronavirus/ (last visited July 1, 2022).  USP Pollock is operating at Level 2, the mid-level precaution for Covid 19.  USP Pollock is a high security penitentiary with an adjacent minimum-security camp.

II. Procedural requirements

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" upon finding that there are extraordinary and compelling reasons which warrant a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239. Thus, before consideration of the motion, the Court must determine whether either of the two procedural prerequisites have been met.

In that regard, Buck did not specifically argue that he met these requirements.  He did attach a copy of his "Regional Administrative Remedy Appeal" dated June 22, 2020, wherein he appealed the denial of his request to the Warden at Talladega FCI (doc. 165, p. 9). However, his earlier motion based upon his health status and conditions regarding Covid 19 at Talladega FCI has been dismissed (doc. 163).  Nothing in the current record indicates that Buck made a request to the Warden at Pollock USP to file a motion for compassionate release on his behalf and that

30 days lapsed before he filed his motion in February 2022, or that Buck has exhausted his administrative rights to appeal from a decision by the Warden at Pollock USP.  Accordingly, Buck's motion is dismissed without prejudice for failure to meet either of the two statutory procedural prerequisites.

      III. <u>Compassionate Release</u>

      Alternatively, even if Buck could provide evidence that he met the statutory procedural prerequisites, his motion would likely be denied.  Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." <u>United States v. Phillips</u>, 597 F.3d 1190, 1194-95 (11th Cir. 2010); <u>United States v. Shaw</u>, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same).   Specifically, the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). <u>See</u> <u>United States v. Pubien</u>, 805 Fed. Appx. 727, 729 (11th Cir. Feb. 25, 2020).

      In relevant part,[2] 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that the district court "upon motion of the defendant after the defendant" has met certain statutory prerequisites, <u>see supra</u>, § II, "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the district court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

---

[2]  Since Buck is 44 years old, only subparagraph (i) could apply. Subparagraph (ii) provides for a reduction of sentence when "the defendant is at least 70 years of age, has served at least 30 years in prison" and other factors are met. 18 U.S.C. § 3582(c)(1)(A)(ii).

"Extraordinary and compelling" reasons are not defined in the statute. 18 U.S.C. § 3582(c)(1)(A).  Instead, Congress gave the Sentencing Commission the duty to promulgate general policy statements regarding sentence modifications pursuant to 18 U.S.C. § 3582(c)(1)(A) and stated that the Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  The applicable Policy Statement is found at U.S.S.G. § 1B1.13. United States v. Bryant, 996 F. 3d 1243 (11th Cir. 2021).

With respect to extraordinary and compelling reasons, Buck alleges that he has asthma, a body mass index greater than 30, and is pre-diabetic (doc. 165, p. 3, 14). He argues that these health conditions, in conjunction with the over-crowded conditions and recent cases of Covid 19 at USP Pollock, place him at increased risk of serious illness should he contract Covid 19.

The Application Notes to the Policy Statement include four examples of extraordinary and compelling reasons for consideration of a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  Only one part of one example could possibly be relevant.[3]  Specifically,

---

[3] Buck does not allege that he has a terminal illness, a serious functional or cognitive impairment, or that he is experiencing deteriorating physical or mental health because of the aging process, such that his ability to provide self-care in prison is substantially diminished. U.S.S.G. § 1B1.13, cmt. n. 1(A)(i), (ii)(II) & (III).  He does not allege that his family circumstances meet the criteria in Application Note 1(C), or that he meets the age requirement in Application Note 1(B) (at least 65 years old). U.S.S.G. § 1B1.13, cmt. n. 1(B) & (C). Application Note 1(D) provides that extraordinary and compelling reasons "other than" or in combination with the reasons in Application Notes 1(A)-(C), may exist. U.S.S.G. § 1B1.13, cmt. n.1(D). The Court of Appeals for the Eleventh Circuit recently clarified that these reasons "other than" or "in combination with" are limited to those reasons as determined by the Director. United States v. Bryant, 996 F. 3d at 1247-1248.  In that regard, the Bureau of Prisons Program Statement 5050.50, which applies to reductions of sentence under § 3582(c)(1)(A), in relevant part, provides for consideration of a reduction of sentence where the inmate has a medical condition from which they will not recover, and that renders the inmate "completely disabled … or capable of only limited self-care and is confined to a bed or chair more than 50% of waking hours." The information before the Court indicates that Buck does not fall within these parameters. Especially since he plans to work as a commercial truck driver when he is released.

Application Note 1(A)(ii)(I), which provides that an extraordinary and compelling reason exists if the defendant is -

> (I) suffering from a serious physical or medical condition, . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n. 1(A)(ii)(I).

Arguably, Buck may not recover from asthma. However, Buck has not provided the Court with any recent medical records to show the severity of his asthma or that it is not controlled with medication.[4]  The most current documentation, Buck's February 2021 Individualized Needs Plan – Program Review, indicates that his "Current Care Assignments" are "Care1", described as "Healthy or Simple Chronic Care" (doc. 165, p. 16).  Also, Buck argues that he is pre-diabetic.  However, the Court was unable to locate a diagnosis of pre-diabetes in the 2020 medical records.[5]  As to his body mass index, the 2020 records indicate his weight at 212 pounds/214 pounds and include a 2015 diagnosis of obesity with a target weight of 180 pounds. His medical records indicate he is 5'5" tall (doc. 165-4, p. 55).  Based on that height and weight of 214 pounds, Buck's body mass index would be 35.6, or obese by the standards for the Centers for Disease Control and Prevention.  However, again, these are not current medical records. Moreover, Buck has not shown that these conditions substantially diminish his ability to provide self-care at the prison.

Also, Buck is at USP Pollock.  As of July 1, 2022, the facility was on a level 2 precautionary status to address Covid 19,   https://www.bop.gov/coronavirus/ (last visited July 1,

---

[4]  The Court received Buck's medical records from 2016-2020 (doc. 165-1 through 4).

[5] The medical records indicate that in May 2020 his glucose level was 102, within the normal limits of 70-110 and in August 2020 his glucose level was 112, slightly above the limit (doc. 165-4, p. 15, p. 43).

2022), with level 3 being the highest precaution level.  USP Pollock houses 1,142 inmates at the

USP and 120 inmates at the Camp. https://www.bop.gov/locations/institutions/pol/  As of July 1,

2022, no inmate had Covid 19. The BOP did indicate that one staff member was currently

positive for Covid. https://www.bop.gov/coronavirus/ (last visited July 1, 2022).  Thus, overall,

Buck has not shown that there are extraordinary and compelling reasons, consistent with the

Policy Statement, that would warrant a reduction of his sentence under Application Note

1(A)(ii)(I).

      Even if Buck met his burden to show extraordinary and compelling reasons, the Court

must still weigh the applicable sentencing factors. 18 U.S.C. § 3582(c)(1)(A) (the court . . . **may**

reduce the term of imprisonment . . . **after considering** the [applicable] factors set forth in 18

U.S.C. § 3553(a).") (emphasis added).  "The § 3553(a) factors include: (1) the nature and

circumstances of the offense and the history and characteristics of the defendant; (2) the need for

the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and

to provide just punishment for the offense; (3) the need for the sentence imposed to afford

adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with

educational or vocational training or medical care; (6) the kinds of sentences available; (7) the

Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission;

(9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to

victims." United States v. Granda, 852 Fed. Appx. 442, 445 n.1 (11th Cir. 2021) (citing 18

U.S.C. § 3553(a)).

In that regard, the Court has considered the relevant factors,[6] and finds that the nature and circumstances of the offense and Buck's history and characteristics, do not weigh in favor of a reduction in sentence.[7] Specifically, Buck committed the instant offenses after he had incurred felony convictions for possession with intent to distribute marijuana and felon in possession of a firearm (doc. 112, Presentence Investigation Report).  He also had two convictions for possession of cocaine, three convictions for possession of marijuana, and convictions for simple assault, disorderly conduct, disturbing the peace, and driving under the influence (Id.). In this circumstance, early release would not meet the "need for the sentence imposed" to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", or to adequately deter criminal conduct and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B), & (C).

DONE and ORDERED this the 5th day of July 2022.


s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[6]  "Even where consideration of the § 3553(a) factors is mandatory, the district court need not state on the record that it has explicitly considered each of the § 3553(a) factors or discuss each of them. … Rather, the district court's acknowledgment that it considered the § 3553(a) factors and the parties' arguments is sufficient." United States v. Granda, 852 Fed. Appx. at 446 (citations omitted).

[7]  The Court may also consider rehabilitation.  Buck's Individualized Needs Plan – Program Review indicates a history of three infractions in 2020 and 2021- possessing a non-hazardous tool, possessing a hazardous tool, and being insolent to a staff member (doc. 165, p. 16).  28 U.S.C. 994(t) "The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").